58 So.3d 372 (2011)
Juan HABEYCH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D09-3323.
District Court of Appeal of Florida, Fifth District.
April 8, 2011.
F. Wesley Blankner, Jr., of Jaeger & Blankner, Orlando, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
*373 LAWSON, J.
Juan A. Habeych timely appeals the sentence he received following his no contest plea to charges of trafficking in more than fourteen grams of heroin,[1] a first degree felony, and resisting an officer without violence,[2] a misdemeanor. Appellant contends that he was sentenced in violation of his right to counsel, and argues that his sentence "must be vacated because the record shows that Appellant was sentenced without his attorney being present and there is no record waiver of Appellant's right to counsel." We agree and reverse.
On March 17, 2009, Appellant, who was represented by current counsel, entered no contest pleas to both charges. A sentencing hearing was scheduled for May 6, 2009, and was ultimately rescheduled to August 18, 2009. On August 17, 2009, one day prior to the sentencing date, Appellant's counsel filed a notice of conflict and motion to continue, alleging that counsel could not attend the scheduled sentencing because he was trying a murder case in another felony division of the same circuit. The trial court acknowledged the motion, but elected to sentence Appellant without his attorney present. Reversal is required. See, e.g., Jackson v. State, 983 So.2d 562 (Fla.2008) (holding that a complete denial of counsel at sentencing is fundamental error, and is not subject to harmless error review).
Accordingly, we reverse the sentences and remand with directions that Appellant be afforded a new sentencing hearing with counsel present.
REVERSED AND REMANDED WITH DIRECTIONS.
EVANDER, J., concurs.
COHEN, J., concurs specially, with opinion.
COHEN, J., concurring specially.
I agree that reversal is mandated. No one reading this opinion, including the trial judge, will be surprised by the result. I do not write to condone the action of the trial judge, only to provide context.
Appellant's lawyer, both below and on appeal, is F. Wesley "Bucky" Blankner. Mr. Habeych entered into a negotiated plea on March 17, 2009. Sentencing was scheduled for June 10, 2009. While we have no transcript of that proceeding, we know Mr. Blankner did not appear. Instead he sent an associate, who requested, ore tenus, a continuance of the sentencing. That motion was granted and sentencing postponed until August 18, 2009, at 9:00 a.m. The day before the scheduled sentencing, Mr. Blankner filed a notice of conflict, indicating he would be starting jury selection in a murder case and would be unable to attend. The trial judge, apparently frustrated at the prospect of another delay in sentencing and recognizing the expense to the citizens of Orange County in keeping Mr. Habeych incarcerated locally, called the judge listed in the notice of conflict and learned that jury selection was not scheduled to begin until 9:30 a.m. A call was then placed to Mr. Blankner's office informing him that he would be expected to appear at the scheduled sentencing in Mr. Habeych's case. When Mr. Blankner failed to appear, the trial court proceeded with sentencing.[3]
*374 The trial judge in this case, no doubt, had other such experiences with Mr. Blankner and had simply had enough. In his own words, he refused to be held hostage by Mr. Blankner. His error was taking out his frustration on Mr. Habeych, rather than his lawyer.
NOTES
[1] § 893.135(1)(c)1.b., Fla. Stat. (2009).
[2] § 843.02, Fla. Stat. (2009).
[3] It is clear the trial judge expected a motion to set aside Mr. Habeych's sentence. The judge stated, "I'm going to sentence him to the Department of Corrections and let him go ahead and file a motion to set it aside if he wants to." Instead, this appeal was taken.